ASA HARRIS, Respondent, v. MAUDE MILLIKAN, Appellant.

Kansas City Court of Appeals, January 6, 1919.

1. **REAL ESTATE AGENT: Commission: Authority.** Evidence discussed relating to the employment of a real estate agent to sell land, and of his compliance with the authority given him as to terms

2. **EQUITY**: Finding of Facts by Court: Law: Finding of Facts by Jury. Though an appellate court finds certain facts from evidence in an equity case, it does not follow that a jury must find the same facts from like evidence in action at law. Though the law prounounced on the facts found by the appellate court will determine the character of instructions given to the jury.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird,* Judge.

REVERSED AND REMANDED.

*Capron, Butcher & Knoop* and *C. A. Denton* for appellant.

*W. D. Summers* and *L. M. Crouch* for respondent.

ELLISON, P. J.—Plaintiff's action was instituted to recover for services in obtaining a purchaser for defendant's farm. The trial court gave the jury a peremptory instruction to find for plaintiff in the sum of $620 and this was done.

For all practical purposes the case may be stated thus: Defendant owned a farm in Cass county but she lived in Texas. The transaction between her and plaintiff was through correspondence, including two or more telegrams. The result was that she first engaged him, or at least authorized him, to sell her farm for $10,000. There was an incumbrance for $5000 on the place and the terms she specified were that the purchaser must assume the incumbrance and pay $5000 cash, net to her, That is, plaintiff's compensation was to be had in the sum he could sell for over and above the $10,000. Under this authority to plaintiff, he made a sale in September 1917 for $10,620. He drew up a contract and mailed it to her. It contained usual provisions for abstract of title, deed, etc. It also contained provision that the purchaser should assume the incumbrance for $5000, but instead of requiring $5000 to be paid in cash, it was specified that only $2000 would be paid in cash and the remaining $3000 would be represented by three

notes of $1000 each, payable in one, two and three years, at six per cent interest, all secured by second mortgage. There were some other provisions of minor importance which related to taxes, insurance, etc.

Defendant refused to sign the contract and returned it to plaintiff with a letter stating what she would be willing to do. After stating she was enclosing the contract back to him, she said: "Now I could write you quite a lengthy letter in reply to this matter, but I havn't time, so will make my side of this little business matter as short as possible. The farm is for sale, if sold before the interest comes due. on the $5000 mortgage this fall, for $10,000, or, in other words, $5000, net to us. Man who sells it must ask enough more to get his commission from other party. We might take a second mortgage of one or two thousand dollars second mortgage on farm at eight per cent." Upon receipt of this, plaintiff had the purchaser sign another contract, dated 11th of September, 1917, which, like the first, provided for abstract, deed, etc. After stating that the encumbrance on the land, should be assumed by the purchaser, it was provided therein that $3000 was to be paid March 1, 1918, and the remaining $2000 to be paid in two payments of $1000 each, with eight per cent interest and secured by second mortgage. There was a further provision "that this deal is to be closed on or before March 1, 1918, and possession given on that day." This contract was signed by the purchaser, but defendant refused it and held no further correspondence about the matter.

The case in many particulars is like that of Beheret v. Meyers, 240 Mo. 58, which plaintiff has cited as upholding the present judgment. There is, however, an important difference in the character of the two cases. That case was in equity, in which class of cases the court finds the facts upon which it pronounces judgment, while this one is a plain action at law wherein the jury must always be allowed to say what the facts are, unless, of course, they are so

conclusively one way as to leave no issue, in which instance the court properly directs a verdict. The fact that an appellate court finds a certain state of facts from certain evidence in an equity case, it does not follow that a jury must find the same facts on like evidence in an action at law.

Still that case is authority (ps. 79, 80) on the question of what evidence would make out a case of this kind—when found to be facts by a jury. The contract rejected contained provisions as to date of possession, making of deed, payments, taxes, etc., that were not specifically provided for in plaintiff's original employment. Defendant received that contract, refused it and returned it with a specific statement of her objections to a part of the provisions. Plaintiff had these objections cured by drawing another paper and sent it to her. On receipt of this she remained silent and did not execute it. So we think that though the first contract of sale contained a number of provisions that were not originally authorized by defendant, yet when she returned it with specific objections suggesting a change in the mode of deferred payments only, it makes a question for the jury to say whether she did not intend to agree to the rejected contract in all other particulars.

We gather from the oral arguments and the briefs that each of these parties thinks that the evidence so conclusively establishes the theory of each as to leave no issue for the jury to try. We are of opinion both are mistaken.

We think there is no substance in defendant's contention that plaintiff was not employed by defendant. He wrote defendant, in effect, asking for authority to sell and she answered giving terms net to her, and stating how he should get his commission by selling for more than she was to get. Cases cited by defendant are not applicable on the facts, especially Johnson v. Whalen, 13 Ok. 320.

As to defendant's second point of objection to the judgment, we think there should be evidence tending to

prove that the purchaser was ready, able and willing to carry out his contract and this evidence should be submitted to the jury. [McCormick v. Obanion, 168 Mo. App. 606.]

The judgment is reversed and the cause is remanded. All concur.